## EDMUND ABBOTT *vs.* JOHN DAVIDSON.

Findings of fact are not reviewable on exceptions.

That the assignee of a contract permitted the assignor to receive payments under it is not conclusive evidence of a legal fraud on creditors of the assignor. At most, if unexplained, it is something from which fraud may be inferred.

In Pub. Laws R. I. cap. 458, of May 29, 1884, relative to assignments of future earnings, the word "earnings" means "wages" earned under a contract of hiring. Hence, the chapter does not apply to the assignment of a contract to build a house.

The assignee of such a contract may intervene in a garnishment upon the persons for whom the house was built and claim the garnished funds, although he has previously in the name of the defendant assignor filed a petition for a mechanic's lien.

Notice of an assignment to the garnishee in time to enable him to disclose it in his answer is enough to sustain the assignment against the garnishment. Notice to the debtor is required only for his protection.

EXCEPTIONS to the Court of Common Pleas.

This action was *assumpsit* on book account brought in the District Court of the Sixth Judicial District and taken by the defendant's appeal to the Court of Common Pleas. The writ was issued December 19, 1890, and was on that day served by garnishment upon Jane Dewsnap and Arabella Dewsnap, with whom the defendant May 27, 1890, had made a written contract to build a house. May 28, 1890, Davidson assigned his claims under this contract to one Hubbard. The garnishees' affidavit disclosed funds and notice of Hubbard's claim under the assignment. December 14, 1891, Hubbard appeared and under the statute claimed the garnished funds. He had allowed Davidson after the assignment to receive certain payments under the contract, and before appearing in this case had in Davidson's name filed a petition for a mechanic's lien against the Dewsnaps.

The Court of Common Pleas gave judgment against the defendant and discharged the garnishees, whereupon the plaintiff excepted and brought his exceptions into this court.

*December* 8, 1892. MATTESON, C. J. We find no error in the refusal of the court below to charge the garnishees.

*First*. The defendant contends that the permission by Hubbard as assignee of the contract to the defendant to receive the moneys which had become due under it prior to the attachment was fraudulent as against the plaintiff, an attaching creditor, and, therefore, that Hubbard is estopped from claiming the fund as against the plaintiff. We do not think that the fact that Hubbard permitted the defendant to receive the moneys was conclusively fraudulent in law. It was, at most, a fact from which, if nothing else appeared to rebut it, an inference of fraud might have been drawn. *Mead* v. *Gardiner*, 13 R. I. 257, 259. The court below must have found as a fact that such permission to receive and receipt for the moneys was not fraudulent. We do not, on a bill of exceptions, revise the findings of fact of the court below. *Providence County Savings Bank* v. *Phalen*, 12 R. I. 495, 496; *Rexroth* v. *Coon*, 15 R. I. 35, 39.

*Second*. The plaintiff contends that the assignment of the

contract to Hubbard, having been made as collateral security for certain debts, the fund cannot be held because the assignee's own testimony shows, it is alleged, that the debts have been paid. We do not so understand the testimony. On the contrary, it appears thereby that the defendant is still indebted to the assignee in the sum of $2,286.86.

*Third.* The defendant contends that the assignment was void because not recorded as provided by Pub. Laws R. I. cap. 458 of May 29, 1884. That statute, however, relates only to assignments of future earnings. The assignment in the present instance was of a building contract. We do not see that the fact that the contractor himself did work in the fulfillment of the contract is sufficient to authorize us to treat the profit, if any, which might accrue to him from the performance of the contract, as earnings within the meaning of the statute. The statute provides for the recording of the assignment in the office of the town clerk, or of the recorder of deeds, as the case may be, of the town where the assignor resides, or if the assignor is not a resident of the State, in the office of the town clerk, or of the recorder of deeds, in the town where he is *employed.* The word "employed" indicates that the assignments contemplated by the statute were assignments of wages earned under a contract of hiring by one employed; and not assignments of contracts like the present.

*Fourth.* We see no ground for holding, as the defendant contends, that the assignee is estopped from claiming the fund because he had previously filed in the name of the defendant a petition for a mechanic's lien, which is still pending, on the land of the garnishees on which the house was built. Nor do we see any inconsistency in the assignee's appearing as a claimant of the fund; if he had not appeared and the garnishees had, in consequence, been charged, they might safely have paid over to the plaintiff the sum for which they have been so charged and such payment would have been a complete protection to them *pro tanto,* against the claim of the assignee either in the lien or any other suit which might be instituted. *Alves* v. *Barber,* 17 R. I. 712; *Providence Institution for Savings* v. *Barr,* 17 R. I. 131.

*Fifth.* The defendant contends that the attachment is superior to the assignment because notice of the assignment was not given to the debtor within a reasonable time, nor until after the attachment had been made. It has, however, repeatedly been held in this State that notice of the assignment to the garnishee in season to enable him to disclose it in his answer, and thereby avoid being charged, is all that is necessary to uphold the assignment against the garnishment; notice to the debtor being required only for his protection. *Northam* v. *Cartright & Co*, 10 R. I. 19, 21; *Tracey* v. *Mc-Carty*, 12 R. I. 168, 169; *Tiernay* v. *McGarily*, 14 R. I. 231, 232; *Lee* v. *Robinson*, 15 R. I. 369, 371.

Exceptions overruled and judgment of the Court of Common Pleas against the defendant and also discharging the garnishees affirmed, with additional costs of this court.

*Benjamin W. Smith*, for plaintiff.

*Harrison A. McKenney*, for defendant and his assignee.